UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH E. GRAY<br>  PLAINTIFF | : CIVIL ACTION NO.<br>: 3:03-cv-707 (PCD)<br>: |
| v. | :<br>: |
| CONSUMERS INTERSTATE<br>CORPORATION AND KENNETH<br>FISCHBURG, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY<br>  DEFENDANTS | :<br>:<br>:<br>:<br>: December 2, 2003 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Consumers Interstate Corporation ("Defendant Consumers") and Defendant Kenneth Fischburg ("Defendant Fischburg"), with Defendant Consumers and Defendant Fischburg collectively referred to as "Defendants", hereby respond to Plaintiff's Complaint dated April 14, 2003, as follows:

I.   **PRELIMINARY STATEMENT**

Defendants admit that Plaintiff purports to bring this action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("hereinafter "ADA"), and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-60(a)(1) *et seq.* (hereinafter "CFEPA"), for discrimination due to alleged physical disability. Defendants deny each and every

remaining allegation of this Paragraph as all of Plaintiff's other state law claims have been dismissed.

## II.     JURISDICTION

As to Plaintiff's remaining discrimination claims under the ADA and CFEPA, Defendants admit the allegations in this Paragraph. However, should Plaintiff's claim under the ADA and 42 U.S.C. §1201 be dismissed, Defendants urge the Court not to exercise supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claim under CFEPA. Defendants deny each and every remaining allegation of this Paragraph as all of Plaintiff's other state law claims have been dismissed.

## III.    PARTIES

1.  Defendants admit that Deborah E. Gray is the Plaintiff in this matter. Defendants lack sufficient knowledge or information to respond to the remaining allegations in Paragraph 1 and therefore leave the Plaintiff to her proof.

2.  Defendants admit the allegations in Paragraph 2.

3.  Defendants admit the allegations in Paragraph 3.

4.  Defendants admit the allegations in Paragraph 4.

## III.    FACTS

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

5. Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 5 and therefore leave the Plaintiff to her proof.

6. Defendants admit that Defendant Fischburg, acting as President of Consumers Interstate, initially hired Plaintiff as a salaried, full-time (40 hours per week) E-Commerce Marketing Manager, and that plaintiff commenced her employment on August 28, 2000. Defendants deny each and every remaining allegation in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 8 and therefore leave the Plaintiff to her proof.

9. Defendants admit that on or about September 28, 2000, Defendant Fischburg received a telephone call from Plaintiff's husband who stated that Ms. Gray was in the hospital. Defendants deny each and every remaining allegation in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit that on or about October 3 or 4, 2000, Plaintiff and Defendant Fischburg discussed the option of permitting Plaintiff to work part-time if Plaintiff was unable to work a full 40-hour week. Defendants deny each and every remaining allegation in Paragraph 11.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

12. Defendants admit that on or about October 3 or 4, 2000, Defendant Fischburg offered Plaintiff the option of working part-time and told Plaintiff Gray that Defendant Consumers needed to know whether she wanted to continue working full-time or to accept the offered option of working a part-time schedule. Defendants further admit that Plaintiff Gray and Defendant Fischburg then went to the Department of Human Resources and told Ms. Platt to change Ms. Gray's status to part-time. Defendants deny each and every remaining allegation in Paragraph 12.

13. Defendants admit that on October 21, 2000, Plaintiff Gray sent Defendant Fischburg an email transmission. Defendants deny the remaining allegations of Paragraph 13 as they are based on the substance of the Plaintiff's October 21, 2000 email transmission, and the substance of that written transmission speaks for itself.

14. Defendants deny that Defendant Fischburg insisted that Plaintiff change her employment status to part-time. Defendants lack sufficient knowledge or information to respond to the remaining allegations in Paragraph 14 and therefore leave the Plaintiff to her proof.

15. Defendants admit that on October 23, 2000, Defendant Fischburg called Plaintiff into Chris Platt's office and advised Plaintiff that her employment was being

4

terminated because her output was not what Defendant Consumers had expected. Defendants lack sufficient knowledge or information to respond to the remaining allegations of Paragraph 15 and therefore leave the Plaintiff to her proof.

16. Defendants deny each and every allegation in Paragraph 16.

17. Defendants deny each and every allegation in Paragraph 17.

18. Defendants deny each and every allegation in Paragraph 18.

## FIRST COUNT – Americans with Disabilities Act As to Defendant Consumers and Defendant Fischburg Individually

1-18. Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1-18 above as if fully set forth herein.

19. Defendants deny each and every allegation in Paragraph 19.

20. Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 20 and therefore leave the Plaintiff to her proof.

## SECOND COUNT – Connecticut Fair Employment Practices Act As to Defendant Consumers

1-20. Defendant Consumers repeats and re-alleges its answers to the allegations set forth in paragraphs 1-20 above as if fully set forth herein.

21. Defendant Consumers denies each and every allegation in Paragraph 21.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### THIRD COUNT – Negligent Infliction of Emotional Distress

Defendants do not respond to the Third Count as it has been dismissed.

### FOURTH COUNT – Intentional Infliction of Emotional Distress

Defendants do not respond to the Fourth Count as it has been dismissed.

### FIFTH COUNT – Covenant of Good Faith and Fair Dealing

Defendants do not respond to the Fifth Count as it has been dismissed.

### AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff has failed to mitigate her damages.

### AFFIRMATIVE DEFENSE AS TO COUNT ONE

Plaintiff fails to state a claim upon which relief can be granted in Count One of the Complaint to the extent that she alleges a claim under the ADA against Defendant Fischburg in his individual capacity.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor on all counts and award defendants their costs.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

THE DEFENDANTS,
CONSUMERS INTERSTATE CORP. and
KENNETH FISCHBURG

By _/s/ Brenda A. Eckert_
Brenda A. Eckert (ct00021)
Gregg P. Goumas (ct19095)
Shipman & Goodwin LLP
One American Row
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Telecopier: (860) 251-5599

## CERTIFICATE OF SERVICE

     This is to certify that a copy of the foregoing Answer was sent via first class mail, postage prepaid, this 2nd day of December 2003, to:

Joseph A. Moniz, Esq.
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT 06103

                                                    Brenda A. Eckert

353640 v.01 S1

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385